Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 716 | **DATE** | July 17, 2002 |
| **CASE TITLE** | United States of America v. Nirali Patel | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court DENIES Defendant Patel's Motion to Sever Count Two Pursuant to Federal Rules of Criminal Procedure 8(a) and 14.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | JUL 18 2002 date docketed | |
| | Notified counsel by telephone. | | | 46 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | 02 JUL 17 PM 4:03 FILED-TO Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
)
)     No. 01 CR 716
v. )
)     Hon. Blanche M. Manning
)
NIRALI PATEL )
)

DOCKETED JUL 1 8 2002

## MEMORANDUM AND ORDER

On November 13, 2001, a federal grand jury returned a one count indictment against Defendant Nirali Patel alleging bank robbery by force, violence and intimidation, in violation of 18 U.S.C. §§ 2113(a) and 2. Subsequently, on February 13, 2002, a superceding indictment was returned against Patel alleging, in addition to the original count, a second count of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. The present matter comes before this Court on Patel's Motion to Sever Count Two Pursuant to Federal Rules of Criminal Procedure 8(a) and 14.

46

# BACKGROUND[1]

Count One of the Superceding Indictment alleges that on August 11, 2001, Patel committed bank robbery by force, violence, and intimidation. The Government alleges that Patel, who was a bank employee at the time, helped plan and execute the robbery, knowing at the time that it would involve violence against a fellow bank employee. Patel allegedly admitted two men into the bank before it opened and agreed to leave the vault open with an unusually large amount of cash in it and supply the men with the surveillance videotape. To make the robbery look "real" Patel agreed that the robbers would "push them [the bank employees] around." As a result of the scheme, the two robbers threatened another bank employee with death, kicked her in the stomach and leg, and hit her in the head with a gun. In all, the robbers made off with $166,000. Two days after the heist, Patel confessed to the crime.

Count 2 of the Superceding Indictment alleges that on or about August 10, 2001, Patel executed a plan to commit bank fraud by knowingly withdrawing funds from customer accounts without authorization using fraudulent automatic teller machine ("ATM") cards. The Government intends to prove its case in part by showing a videotape which allegedly depicts Patel withdrawing $1,000 from two accounts using fraudulent ATM cards.

# DISCUSSION

Patel contends that, pursuant to Federal Rules of Criminal Procedure 8(a) or, alternatively, Rule 14, this Court should sever the trial of Count 1 from that of Count 2 because: (1) the use of violence charged in Count 1 will prejudice her defense in Count 2, which is a simple bank fraud case without the use of violence; and (2) the charges in each count are not of the same or similar character given that different facts must be adduced to prove each of the

---

[1] The facts in the Background section are taken from the Superceding Indictment and the parties submissions to the Court.

joined offenses and proof of one count does not constitute substantial proof of the other. The Court will address these issues in turn.

I.  **Federal Rule of Criminal Procedure 8(a)**

Rule 8(a) provides that:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

The Seventh Circuit has interpreted Rule 8(a) as allowing joinder of charges when offenses are: "(1) of the same or similar character; (2) based on the same act or transaction; or (3) based on two or more acts of transactions connected together or constituting parts of a common scheme or plan." United States v. Koen, 982 F.2d 1101, 1111 (7th Cir. 1992). Joinder under Rule 8(a) should be construed broadly "'to enhance the efficiency of the judicial system, ... and to avoid expensive and duplicative trials, if judicial economy outweighs any prejudice to the defendant.'" United States v. Woody, 55 F.3d 1257, 1267 (7th Cir. 1995) (quoting United States v. Archer, 843 F.2d 1019, 1021 (7th Cir. 1988). See also Koen, 982 F.2d at 1111.

"To determine whether two or more acts arise from the same transaction or plan, a court must look to 'what the indictment charges.'" United States v. Oakley, 853 F.2d 551, 554 (7th Cir. 1988) (quoting United States v. Velasquez, 772 F.2d 1348, 1354 (7th Cir. 1985). In determining whether or not two or more offenses are of "the same or similar character," courts examine whether "the counts refer to the same type of offenses occurring over a relatively short period of time," as well as the extent to which "evidence as to each count overlaps." United States v. Shue, 766 F.2d 1122, 1134 (7th Cir. 1985) (citation omitted); Koen, 982 F2d at 1111. In United States v. Coleman, 22 F.3d 126, 133 (7th Cir. 1994), the Seventh Circuit stated that a

literal reading of Rule 8(a) requires that a court primarily look for "categorical, not evidentiary, similarities" when analyzing the joinder of offenses. Therefore, charges may be joined according to this rule merely out of similarity of the offenses even if they are not temporally or evidentially related. United States v. Alexander, 135 F.3d 470, 476 (7th Cir. 1998). See also United States v. Turner, 93 F.3d 276, 283 (7th Cir. 1996). For example, "Two armored car robberies committed months apart are offenses of same or similar character; possessing five kilograms of cocaine and defrauding a bank, even if they occur on the same day, are not." Coleman, 22 F.3d at 133.

Applying the above guidelines, this Court finds that joinder is proper. Both counts of the indictment refer to the theft of money from the same victim, Patel's former employer Fifth Third Bank of Naperville, Illinois. Additionally, the two counts relate to crimes that took place within a short period of time—one on or about August 11, 2001, the other on or about August 10, 2001. Furthermore, the Government contends that much of the evidence used in proving Count Two will be admissible and used in its case against Patel for the purposes of Count One, especially evidence establishing Patel's alleged *modus operandi*—exploiting her position as a bank employee to steal money from the bank. See Federal Rule of Evidence 404(b) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person.... [i]t may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident").

Even though Count 1 alleges robbery by force, violence and intimidation and Count 2 alleges pure bank fraud, they are both crimes of theft perpetrated by a single person who used her position to exploit a single victim, her employer. Accordingly, looking at categorical instead of evidentiary similarities, this Court finds that Counts 1 and 2 are properly joined because they

are both related to a person exploiting her position of employment for personal financial gain. See Koen, (embezzlement, mail fraud, and arson charges all grew out of the defendant's mishandling of the funds of the organization he founded); United States v. Barrett, 505 F.2d 1091, 1105 (7th Cir. 1974) (district court's denial of the defendant's motion to sever mail fraud charges from the bribery and tax evasion charges upheld where "[a]ll of the counts involved either directly or indirectly, the use of [defendant's] official position for the benefit of private interest for a pecuniary consideration").

1.  **Federal Rule of Criminal Procedure 14**

The Court next turns to Defendant Patel's contention that, even if joinder is proper under Rule 8(a), she is entitled to severance of Count Two pursuant to Rule 14 because she will be prejudiced by joinder of the two counts.

Rule 14 provides in relevant part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

The defendant bears the burden of demonstrating the prejudice that would result from joinder. United States v. Berardi, 675 F.2d 894, 900 (7th Cir. 1981). Defendants, however, may not obtain a severance merely because they may have a better chance of acquittal in separate trials. Zafiro v. United States, 506 U.S. 534, 539 (1993). The Supreme Court has interpreted Rule 14 as requiring a severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. See also United States v. Goines, 988 F.2d 750, 781 (7th Cir. 1993). A district court is permitted wide discretion in ruling on Rule 14 motions because it is in the best position to "'balanc[e] ... the cost of conducting separate trials

and the possible prejudice inherent in a single trial.'" United State v. Pulido, 69 F.3d 192, 208 (7th Cir. 1995) (quoting United States v. Moya-Gomez, 860 F.2d 706, 754 (7th Cir. 1988). However, even if prejudicial joinder is established, Rule 14 does not mandate severance; it is within the district court's discretion to determine the appropriate remedy. Zaifro, 506 U.S. at 538-39.

Here, a single trial on all of the counts is appropriate. Patel has not established the requisite showing of prejudice to trigger Rule 14. To succeed on a Rule 14 claim of "prejudicial spillover," a movant "must overcome the dual presumptions that a jury will capably sort through the evidence and will follow limiting instructions from the court to consider each count separately." Turner, 93 F.3d at 284 (citing United States v. Stillo, 57 F.3d 553, 557 (7th Cir. 1995)). Although the type of prejudice Patel wishes to avoid, where joinder of offenses is predicated on their "same or similar character," has been acknowledged by the Seventh Circuit as being particularly likely, it is not necessarily sufficient by itself to outweigh the cost associated with separate trials. See Turner, 93 F.3d at 284. This is especially true where, as in this case, "it is within the jury's capacity, given the complexity of the case, to follow admonitory instructions and to keep separate, collate and appraise the [relevant] evidence." Pulido, 69 F.3d at 208. There is nothing in the record that suggests that the trial will be unduly lengthy or that the evidence will be complex. Moreover, should this court deem it appropriate, it may carefully instruct the jury to give separate consideration to each charge. The Seventh Circuit has explained that such a limiting instruction is "an adequate safeguard against the risk of prejudice in the form of jury confusion, evidentiary spillover and cumulation of evidence." Berardi, 675 F.2d at 901. See also United States v. Donaldson, 978 F.2d 381, 391-92 (7th Cir. 1992).

Thus, because it is not anticipated that the trial in this case will be unduly lengthy, the evidence is not complex, and this court may take steps to obviate the risks of a prejudicial spillover of the jury's consideration of evidence relating to the various counts, this court DENIES Patel's motion for severance.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Patel's Motion to Sever Count Two Pursuant to Federal Rules of Criminal Procedure 8(a) and 14.

ENTER:

DATE: JUL 1 7 2002

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE