Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 716 | **DATE** | July 18, 2002 |
| **CASE TITLE** | *United States of America v. Nirali Patel* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the attached Memorandum and Order, the Motion Regarding Coconspirator Statements is GRANTED to the extent set forth herein; the Motion For the Disclosure of Exculpatory and Impeaching Evidence is GRANTED to the extent set forth herein; The Motion To Preserve Law Enforcement Notes is GRANTED; the Motion For notice of use of Rule 404(b) evidence is GRANTED, while motion for production of Rule 608(b) material is DENIED; and the Motion For Other Discovery is GRANTED in part and DENIED in part as set forth herein.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| ☐ No notices required, advised in open court. | |
| ☐ No notices required. | number of notices |
| ✓ Notices mailed by judge's staff. | JUL 26 2002 date docketed |
| ☐ Notified counsel by telephone. | |
| ☐ Docketing to mail notices. | docketing deputy initials |
| ☐ Mail AO 450 form. | |
| ☐ Copy to judge/magistrate judge. | |
| RTS — courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office — mailing deputy initials |

Document Number: 54

DOCKETED
JUL 26 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Hon. Blanche M. Manning |
| v. | ) ) | 01 CR 716 |
| NIRALI PATEL, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Defendant Nirali Patel has been indicted on charges of bank robbery by force, violence and intimidation (Count 1), in violation of 18 U.S.C. §§ 2113(a) and 2; and bank fraud (Count 2), in violation of 18 U.S.C. §§ 1344 and 2. The present matter comes before this Court on Patel's pretrial motions.[1]

**I.     Motion Regarding Coconspirator Statements**

Patel moves for an order requiring the Government to produce statements made by her alleged coconspirators. The Government has agreed to provide section 3500 material and a written Santiago proffer no later than one week before trial. The court believes that, given the straightforward nature of the case, one week is a sufficient time for Patel to analyze and assimilate the Santiago proffer and section 3500 material in preparation for trial. To this extent, Patel's motion is Granted.

---

[1] Because the Court discussed the background facts in its prior Memorandum and Order denying Patel's motion to sever, the facts will not be reiterated here.

## II. Motion For The Disclosure of Exculpatory and Impeaching Evidence

Patel has further moved for disclosure of all favorable evidence including any exculpatory and impeaching information, and the existence and substance of any promises of immunity, leniency, or preferential treatment. The Government acknowledges its continuing obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972), and proposes to produce all known evidence that is both favorable to the defendants and material to the issues of guilt, innocence or sentencing or which bears upon the credibility of government witnesses prior to the trial. The motions for the disclosure of all exculpatory and impeaching evidence pursuant to Brady and Giglio are accordingly granted.

## III. Motion To Preserve Law Enforcement Interview Reports and Notes

Patel further moves for an order requiring the Government to preserve law enforcement interview reports and notes. The Government has agreed to preserve this material pursuant to its duty to disclose material under section 3500, Giglio, Brady, and Federal Rule of Criminal Procedure 16.

## IV. Motions For Notice of Intention to Use Other Crimes, Wrongs, and Acts Evidence

Patel additionally seeks notice of the Government's intention to use other crimes, wrongs, or acts evidence.

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove the character of a person in order to show that he likely acted in conformity therewith on a particular occasion. Fed. R. Evid. 404(b). The purported rationale for the exclusion of evidence of other crimes, wrongs, or acts is that such evidence is of slight probative value and tends to distract the trier of fact from the facts at issue. United States v.

Smith, 103 F.3d 600, 602 (7th Cir.1996). This evidence may be admissible, however, for any other relevant purpose including "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Id.

Federal Rule of Evidence 404(b) requires that the government in a criminal case, upon request of an accused, provide reasonable advance notice of its intention to use such evidence and the general nature thereof. The purpose of this notice requirement is to "reduce surprise and promote early resolution on the issues of admissibility." Fed. R. Evid. 404(b), Notes of Committee on the Judiciary, Sen Rep. No. 93-1277. This Rule does not, however, provide for unbridled discovery and, to that end, the government need only "appraise the defense of the general nature of the evidence of extrinsic acts." Id.

The Government acknowledges its obligations under Rule 404(b) and at this point has filed a motion in limine listing the Rule 404(b) material it intends to use at trial. The Court believes that, under the present circumstances, this is sufficient for Patel to analyze and assimilate Rule 404(b) material in preparation for trial. By providing this information a week before trial, the Government has met Rule 404(b)'s provision requiring "reasonable notice" in advance of trial. Fed. R. Evid. 404(b).

Patel also seeks pretrial notice of the Government's intention to use "specific instances of conduct" or Rule 608(b) material. Rule 608(b) restricts the use of specific instances of conduct of a witness for the cross examination of that witness. Fed. R. Evid. 608(b). Unlike Rule 404(b), however, Rule 608(b) does not require pretrial disclosure of any evidence which might be used for impeachment purposes.

It is well established that defendants are not entitled to access to any Rule 608(b) material which is not discoverable under Federal Rule of Criminal Procedure 16. See United States v. Hartmann, 958 F.2d 774, 789 n. 5 (7th Cir.1992); United States v. Cerro, 775 F.2d 908, 914-15 (7th Cir.1985). Rule 16 explicitly limits compelled discovery to information the government intends to introduce during its case-in-chief. Fed. R. Crim. P. 16(b)(1)(A). By definition, Rule 608(b) evidence may not be used during the government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16. See United States v. Sims, 808 F. Supp. 607, 611 (N.D. Ill.1992).

Accordingly, Patel's motion for notice of the government's intention to use Rule 404(b) material is granted, while the motion for the production of Rule 608(b) material is denied.

## V.     Motion for Discovery

Patel also seeks discovery of the following information: (A) any statements made by Patel; (B) the names and statements of the Government's prospective witnesses; (C) grand jury transcripts; (D) expert reports; and (E) any tangible evidence the Government intends to use at trial.[2] Pursuant to its obligations under Rule 404(b), section 3500, Brady, and Rule 16, the Government has agreed to produce and has produced the above discovery, except for a list of its prospective witnesses.

Neither the Constitution nor Federal Rule of Criminal Procedure 16 requires that a defendant in a noncapital case be provided with a list of all prospective government witnesses. United States v. Braxton, 877 F.2d 556, 560 (7th Cir.1989); United States v. Napue, 834 F.2d

---

[2]     This motion also seeks discovery of evidence discussed above, such as Rule 608 material and Brady, Giglio, and section 3500 material.

1311, 1317 (7th Cir.1987). The district court, however, has the authority to order such production. United States v. Jackson, 508 F.2d 1001, 1005-08 (7th Cir.1975). Such an order, however, requires a particularized need for the list of prospective witnesses. United States v. Shields, 1991 WL 113164, *3 (N.D. Ill. June 5, 1991). The defendant must articulate a compelling reason other than generalized reasons. United States v. Sclamo, 578 F.2d 888, 890 (1st Cir.1978).

Here, this Court sees no need to require the Government to disclose a list of its prospective witnesses. Patel has expressed no more than generalized, abstract claims of necessity. The Court believes that such unlimited disclosure is particularly inappropriate when, as here, the government intends to disclose all Jencks Act material three weeks prior to trial which will necessarily reveal the identity of the witnesses expected to be called by the government during its case-in-chief. See, e.g., United States v. Messino, 855 F. Supp. 955, 967 (N.D. Ill.1994).

Patel's motion for the pretrial production of the Government's witness list is accordingly denied. This ruling, however, does not affect the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963). Therefore, to the extent that any request for witness lists seeks the identities of persons who can provide information favorable to the accused which is material to guilt or innocence, the Government must furnish Patel with the identities of those persons under Brady. See United States v. Villarael, 752 F. Supp. 851, 852 (N.D. Ill.1991).

## CONCLUSION

For the foregoing reasons, Patel's Motion

- Regarding Coconspirator Statements is GRANTED to the extent set forth herein;

- For the Disclosure of Exculpatory and Impeaching Evidence is GRANTED to the extent set forth herein;

- To Preserve Law Enforcement Notes is GRANTED;

- For notice of use of Rule 404(b) evidence is GRANTED, while motion for production of Rule 608(b) material is DENIED;

- For Other Discovery is GRANTED in part and DENIED in part as set forth herein;

It is so ordered.

**ENTER:**

*Blanche M. Manning*
**BLANCHE M. MANNING**
**U.S. DISTRICT COURT JUDGE**

**DATE:** 7-18-02