Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 716 | **DATE** | September 30, 2002 |
| **CASE TITLE** | *United States v. Nirali Patel* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons set forth in the attached Memorandum and Order, the Court DENIES Defendant Patel's Motion for Judgment of Acquittal [60-1].

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | OCT 0 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 64 |
| RTS | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>)<br>NIRALI PATEL ) | No. 01 CR 716<br><br>Hon. Blanche M. Manning |

DOCKETED
OCT 0 3 2002

## MEMORANDUM AND ORDER

Defendant Nirali Patel was indicted on charges of: (1) bank robbery by force, violence and intimidation (Count I), in violation of 18 U.S.C. §§ 2113(a) and 2; and (2) bank fraud (Count II), in violation of 18 U.S.C. §§ 1344 and 2. After pleading guilty to the bank fraud count, Patel proceeded to trial on Count I. The jury, however, was unable to reach a unanimous verdict, and this Court declared a mistrial. The present matter comes before this Court on Patel's Motion for Judgment of Acquittal, pursuant to Federal Rule of Criminal Procedure 29.

## STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 29, a court may acquit a defendant on "one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a motion for judgment of acquittal pursuant to Rule 29, the Seventh Circuit mandates that the district court determine:

> whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendants] guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government . . . bearing in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and

draw reasonable inferences.

United States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989). In short, the court views all the evidence in the Government's favor and is absolutely barred from second-guessing the jury's credibility determinations or findings of fact. Id. Instead, the court merely assesses the record to determine if all the admissible evidence supports the defendants' adjudication of guilt beyond a reasonable doubt. Id.

## DISCUSSION

The Government contends that this Court should deny Patel's motion on the grounds that: (I) this Court lacks jurisdiction to hear the motion because it was not timely filed; and (II) the evidence at trial was sufficient to sustain a conviction. The Court will address each of these contentions in turn.

### I. Timeliness of a Rule 29 Motion

Federal Rule of Criminal Procedure 29(c) provides, in pertinent part, that "[i]f the jury returns a verdict of guilty or is discharged without having returned a verdict, a motion for judgment of acquittal may be made or renewed within 7 days after the jury is discharged or within such further time as the court may fix during the 7-day period." Under the plain language of Rule 29(c), a court may not extend the time for filing a motion to acquit unless the extension is granted *within* the 7-day period. See Carlisle v. United States, 517 U.S. 416, 421 (1996) (stating that "[t]here is simply no room in the text of Rules 29 and 45(b) for the granting of an untimely postverdict motion for judgment of acquittal, regardless of whether the motion is accompanied by a claim of legal innocence, is filed before sentencing, or was filed late because of attorney error"); United States v. Boyd, 172 F.R.D. 363, 365 (N.D. Ill. 1997) ("[i]f the seven days pass, the district court may not grant an extension of time").

Here, on July 30, 2002, this Court declared a mistrial and discharged the jury. Patel, however, did not file the instant motion until August 30, 2002. Accordingly, because Patel filed her motion beyond the stringent 7 day period, this Court is without jurisdiction to hear her motion, and therefore, DENIES the Motion for Judgment of Acquittal.

## II. Sufficiency of the Evidence at Trial

Although this Court is without jurisdiction to hear the motion, the Court will nevertheless discuss the sufficiency of the evidence presented at trial. Under section 2113(a) (the criminal statute under which Patel is charged), a person is guilty of bank robbery, where that person "by force and violence, or by intimidation, takes, or attempts to take, . . . money . . . in the care, custody, control, management, or possession of, any bank . . . ."

Here, at trial, the Government presented Patel's confession to setting up the bank robbery along with evidence that Patel allegedly violated internal bank procedures to ensure that there was more money than usual in the bank on the day of the robbery. Although the jury failed to return a unanimous verdict, viewing the evidence in favor of the Government, this Court finds that there was sufficient evidence for jury to find beyond a reasonable doubt that Patel committed bank robbery in violation of section 2113(a). Accordingly, the Court DENIES Patel's motion.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Patel's Motion for Judgment of Acquittal.

ENTER:

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 9-30-02