Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 716 | **DATE** | January 14, 2003 |
| **CASE TITLE** | *United States v. Nirali Patel* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court DENIES Defendant Patel's Motion for Judgment of Acquittal [78-1].

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | JAN 16 200[?] | |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | 79 |
| | Copy to judge/magistrate judge. | | |
| RTS | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | No. 01 CR 716 |
| v. ) | |
| ) | Hon. Blanche M. Manning |
| ) | |
| NIRALI PATEL ) | |

## MEMORANDUM AND ORDER

Defendant Nirali Patel was indicted on charges of: (1) bank robbery by force, violence and intimidation (Count I), in violation of 18 U.S.C. §§ 2113(a) and 2; and (2) bank fraud (Count II), in violation of 18 U.S.C. §§ 1344 and 2. The present matter comes before this Court on Patel's Motion for Judgment of Acquittal, pursuant to Federal Rule of Criminal Procedure 29.

### BACKGROUND[1]

This case has been tried twice and has resulted in two mistrials. Initially, after pleading guilty to the bank fraud count, Patel proceeded to trial on Count I. At trial, Naperville detective Cammiso testified that Patel confessed to him and FBI special agent Fragomeli. The Government also presented evidence that Patel allegedly violated internal bank procedures to ensure that there was more money than usual in the bank on the day of the robbery. Patel, in turn, testified that she did not confess to the robbery. Agent Fragomeli did not testify. The jury was unable to reach a unanimous verdict, and this Court declared a mistrial.

After this Court denied her motion for judgment of acquittal, Patel moved to suppress her alleged confession to the bank robbery, which this Court likewise denied. Thereafter, Patel went

---

[1] Because the facts of this case have been thoroughly discussed in this Court's prior opinions, the Court will only discuss the facts that relate to the instant motion.

79

to trial a second time. At the second trial, both detective Cammiso and agent Fragomeli testified that Patel confessed to the robbery. On cross-examination, however, Patel's attorney was able to point out glaring inconsistencies in the versions of the alleged confession. Patel exercised her Fifth Amendment right and did not testify at the second trial. As in the first trial, the jury was unable to reach a unanimous verdict, and this Court declared a mistrial.

Patel now comes before this Court seeking a judgment of acquittal.

## STANDARD OF REVIEW

Under Federal Rule of Criminal Procedure 29, a court may acquit a defendant on "one or more offenses charged in the indictment or information after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a motion for judgment of acquittal pursuant to Rule 29, the Seventh Circuit mandates that the district court determine:

> whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendants] guilty beyond a reasonable doubt, viewing the evidence in the light most favorable to the government . . . bearing in mind that it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences.

United States v. Reed, 875 F.2d 107, 111 (7th Cir. 1989). In short, the court views all the evidence in the Government's favor and is absolutely barred from second-guessing the jury's credibility determinations or findings of fact. Id. Instead, the court merely assesses the record to determine if all the admissible evidence supports the defendants' adjudication of guilt beyond a reasonable doubt. Id.

## ANALYSIS

Patel contends that this Court should enter a judgment of acquittal because there is "no reasonable scenario in which [she] can be found guilty beyond a reasonable doubt." While this Court recognizes that a jury might never be able to come to a unanimous verdict, the Court finds that viewing the evidence in favor of the Government, as this Court is required to do, that there is sufficient evidence, albeit not very strong, that would allow a jury to find Patel guilty beyond a reasonable doubt.

Under section 2113(a) (the criminal statute under which Patel is charged), a person is guilty of bank robbery, where that person "by force and violence, or by intimidation, takes, or attempts to take, . . . money . . . in the care, custody, control, management, or possession of, any bank . . . ." Here, at the second trial, detective Cammiso and agent Fragomeli testified that Patel confessed to the bank robbery. On cross-examination, however, Patel's attorney pointed out glaring inconsistencies in the versions of the alleged confession.

Although two juries have failed to reach a unanimous verdict and the Government's two main witnesses contradicted each other on several material points, as explained above, it is the exclusive function of the jury to determine the credibility of the witnesses. Therefore, while this Court finds the Government's witnesses lacking in credibility, viewing the evidence in favor of the Government, this Court finds that there was sufficient evidence for jury to find beyond a reasonable doubt that Patel committed bank robbery in violation of section 2113(a). Accordingly, the Court DENIES Patel's motion.

## CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Patel's Motion for Judgment of Acquittal [78-1].

**ENTER:**

BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: JAN 1 4 2003