Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 716 | **DATE** | April 2, 2003 |
| **CASE TITLE** | *United States v. Nirali Patel* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum and Order, the Court SUSTAINS Patel's Objections to the PSR and DENIES Patel's motion for downward departure [82-1 and 82-2], and finds that Patel's total offense level is a level 13. It is so ordered.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | APR 03 2003 | |
| | Notified counsel by telephone. | U.S. DISTRICT COURT | date docketed | 84 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>)<br>) No. 01 CR 716<br>) <br>) Hon. Blanche M. Manning<br>)<br>) |
| v. | |
| NIRALI PATEL | |

## MEMORANDUM AND ORDER

On November 13, 2001, a federal grand jury returned a one count indictment against Defendant Nirali Patel alleging bank robbery by force, violence and intimidation, in violation of 18 U.S.C. §§ 2113(a) and 2. Subsequently, on February 13, 2002, a superceding indictment was returned against Patel alleging, in addition to the original count, a second count of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. Patel subsequently pled guilty to Count Two (bank fraud) and persisted in her plea of not guilty on Count One and proceeded to trial. She was tried twice for the bank robbery, each trial resulting in a hung jury. After two mistrials, the Government dismissed Count One (bank robbery) without prejudice. The present matter comes before this Court for sentencing on the bank fraud charge.

## BACKGROUND[1]

Count One of the Superceding Indictment alleges that on August 11, 2001, Patel conspired to rob Fifth Third National Bank in Naperville, Illinois ("Fifth Third") by force, violence, and intimidation. The Government alleges that Patel, who was a Fifth Third employee

---

[1] The facts in the Background section are taken from parties' submissions, the trial testimony, and the Presentence Investigation Report ("PSR") prepared by United States Probation ("Probation").

at the time, helped plan and execute the robbery, knowing at the time that it would involve violence against a fellow bank employee. Patel allegedly admitted two men into the bank before it opened and agreed to leave the vault open with an unusually large amount of cash in it and supply the men with the surveillance videotape. To make the robbery look "real" Patel allegedly agreed that the robbers would "push them [the bank employees] around." As a result of the scheme, the two robbers threatened another bank employee with death, kicked him in the stomach and leg, and hit him in the head with a gun. In all, the robbers made off with $166,000. Two days after the heist, Patel allegedly confessed to the crime.

Count Two of the Superceding Indictment alleges that Patel executed a plan to defraud Fifth Third bank customers by knowingly withdrawing funds from customer accounts without authorization by using fraudulent automatic teller machine ("ATM") cards and stolen checks.

On March 13, 2002, one month after the Superceding Indictment was returned, adding Count Two, Patel moved to sever the two counts. On July 17, 2002, this Court denied the motion to sever. Subsequently, on July 19, 2002, the Friday before the trial was to begin, Patel pled guilty to Count Two.

After pleading guilty to the bank fraud count, Patel proceeded to trial on Count One. At trial, Detective Cammiso of the Naperville Police Department testified that Patel confessed to him and FBI Special Agent Fragomeli. The Government also presented evidence that Patel allegedly violated internal bank procedures to ensure that there was more money than usual in the bank on the day of the robbery. Patel, in turn, testified that she did not confess to the robbery. Agent Fragomeli did not testify. The jury was unable to reach a unanimous verdict, and this Court declared a mistrial.

After this Court denied her motion for judgment of acquittal, Patel moved to suppress her

2

alleged confession to the bank robbery, which this Court likewise denied. Thereafter, Patel went to trial a second time. At the second trial, both detective Cammiso and agent Fragomeli testified that Patel confessed to the robbery. On cross-examination, however, Patel's attorney was able to point out glaring inconsistencies in the versions of the alleged confession. Patel exercised her Fifth Amendment right and did not testify at the second trial. As in the first trial, the jury was unable to reach a unanimous verdict, and this Court declared a mistrial. The Government subsequently dismissed Count One without prejudice.

After the Government dismissed Count One, Probation completed a PSR for Patel on the bank fraud charge. Probation calculated the total offense level for Patel using the 2002 United States Sentencing Guidelines ("USSG" or "the Guidelines") as follows:

| | |
|---|---|
| Base Offense Level for 18 U.S.C. §1344 (USSG §2B1.1) | 6 |
| Adjustment for Value of Loss which is less than $70,000 but more than $30,000 (2B1.1(b)(1)(D)) | 6 |
| Use of Device Making Equipment (2B1.1(b)(9)(A)) | 2 |
| Abuse of Trust (3B1.3) | 2 |
| Adjustment for Acceptance of Responsibility (3E1.1(a)) | -2 |
| Total Offense Level | 14 |

In response to the PSR, Patel has filed: (1) an objection to Probation not including an additional one level reduction for "timely notification" of her plea, pursuant to section 3E1.1(b)(2); and (2) a motion for downward departure. The Court will discuss each of these contentions in turn.

## DISCUSSION

### I. Downward Adjustment Under Section 3E1.1(b)(2)

Section 3E1.1(b)(2) provides for a one level decrease in the offense level if the defendant "timely notif[ied] [the] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." Generally, a defendant, such as Patel, who pled guilty on the "brink of trial" is not entitled to a reduction under subsection (b)(2). See United State v. Nielsen, 232 F.3d 581, 584 (7th Cir. 2000). "Timeliness" under section 3E1.1(b)(2), however, should be determined on "functional, rather than temporal, terms." United States v. Wetwattana, 94 F.3d 280, 285 (7th Cir. 1996). See also United States v. Dethlefs, 123 F.3d 39, 43 (1st Cir. 1997) (noting that the Guidelines "define[] timeliness in functional, rather than strictly temporal, terms"). Therefore, in determining whether a guilty plea was timely under section 3E1.1(b)(2), courts must "examine the effect of [the plea] on the expenditure of government and court resources." Wetwattana, 94 F.3d at 286.

Applying these factors, the Court will examine the context in which Patel pled guilty to Count Two. The initial indictment in this case, which was returned on November 13, 2001, charged Patel with one count of bank robbery by force, violence and intimidation, in violation of 18 U.S.C. §§ 2113(a) and 2. Subsequently, on February 13, 2002, a superceding indictment was returned against Patel alleging, in addition to the original count, a second count of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. On March 13, 2002, one month after the Superceding Indictment was returned, adding Count Two, Patel moved to sever Count Two. On July 17, 2002, this Court denied the motion to sever. Subsequently, on July 19, 2002, the Friday before the trial was to begin, Patel pled guilty to Count Two.

4

Patel reasonably contends that she made a tactical decision not to plead guilty to Count Two until after the Court ruled on her severance motion because she planned on going to trial on Count One but was afraid that evidence from the bank fraud case would taint her defense of the robbery charge. Therefore, before pleading guilty to Count Two, she wanted to know if this Court would sever the counts. Counsel for Patel contends that almost immediately after the return of the Superceding Indictment, he notified the Government that Patel would pled guilty to Count Two if the motion to sever was denied. As such, Patel timely filed a motion to sever a month after the return of the Superceding Indictment. The fact that the Government did not respond to this motion until April 14, 2002, and that this Court did not rule on the motion until July 17, 2002, is not a delay which should be attributable to Patel. Indeed, two days after this Court denied her motion to sever, Patel pled guilty to Count Two.

Moreover, this Court finds that the Government did not needlessly spend its resources as a result of Patel not pleading guilty earlier. During the first trial, at which Patel testified, the Government went into great detail regarding her actions in defrauding Fifth Third Bank. Thus, even had Patel pled guilty earlier, the Government would nevertheless have had to prepare to address Patel's actions in defrauding the bank.

Accordingly, examining the effect of Patel's plea, in the unique factual context of this case, on the expenditure of Government and Court resources, this Court finds that Patel's decision to pled guilty on July 19, 2002, was timely under section 3E1.1(b)(2), and therefore, this Court sustains Patel's objection and finds that she is entitled to an additional one point reduction in her offense level.

## II.     Motion for Downward Departure

Additionally, Patel has requested that this Court grant her a downward departure based on the fact that since she was arrested in this case, she has served 16 months of home confinement, which she will not get credit for in her sentence.  Essentially, Patel is asking the Court to give her credit for time served based on her home confinement.  Unfortunately for Patel, courts may not give defendants credit for time served under house arrest because home confinement is not sufficiently onerous to award the defendant credit for time served.  See Edwards v. United States, 41 F.3d 154, 154-55 (3d Cir. 1994); United States v. Hayward, 767 F. Supp. 928, 929 (N.D. Ill 1991).

Accordingly, this Court denies Patel's motion for downward departure.

## CONCLUSION

For the reasons set forth above, the Court SUSTAINS Patel's Objections to the PSR and DENIES Patel's motion for downward departure [82-1 and 82-2], and finds that Patel's total offense level is a level 13. It is so ordered.

ENTER:

*Blanche M. Manning*
BLANCHE M. MANNING
U.S. DISTRICT COURT JUDGE

DATE: 4-2-03